UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA A. ACIERNO and
CHRISTOPHER M. ACIERNO,

     Plaintiffs,

                             Case No.:  8:18-cv-1305-T-30AEP

v.

USAA GENERAL INDEMNITY
COMPANY, a Texas corporation,

     Defendant.
_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, LISA A. ACIERNO and CHRISTOPHER M. ACIERNO, sue Defendant, USAA GENERAL INDEMNITY COMPANY ("USAA"), a foreign corporation, and state:

**JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES**

1.     This is an action for insurance benefits and damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2.     At all material times, USAA was a Texas corporation authorized to transact business and actually doing business in the State of Florida, and also maintained one or more agents or employees in Hillsborough County, Florida.

3.     On June 2, 2016, on northbound I-275, at or near Mile Marker 265, in the City of Tampa, Hillsborough County, Florida, a 2008 Mazda 3 (the "Mazda") operated by Kara Ottervanger, collided into the rear of a 2013 Mercedes operated by Lisa A. Acierno ("the Crash").

4.     Plaintiff, Lisa A. Acierno, suffered permanent damages as a result of the Crash.

5.     At all material times, USAA provided uninsured/underinsured motorist coverage to Plaintiffs.

6.     At all material times, Plaintiffs, Lisa A. Acierno and Christopher M. Acierno, were married and resided together.

7.     Venue is proper in Hillsborough County, Florida, as this is a claim for damages arising from an automobile collision which occurred in Hillsborough County, Florida.

## COUNT I

## UNINSURED MOTORISTS BENEFITS

8.     Plaintiffs incorporate and reallege paragraphs 1 through 7 as if fully set forth herein.

9.     Kara Ottervanger was insured under Mercury Indemnity Company of America ("Mercury") policy number FLAP0000041980 with liability policy limits of $50,000.00. The bodily injury coverage available under this policy is insufficient to fully satisfy Plaintiffs' claim for personal injuries.

10.     USAA issued, in exchange for valuable consideration, a policy of automobile insurance to Plaintiffs, bearing policy number GIC 257016427101 (the "Policy"). The Policy provided uninsured/underinsured motorist coverage to Plaintiffs for any damages sustained as a result of bodily injury in the amount of $1,500,000.00 per person/per accident. A copy of the Policy is attached hereto as **Exhibit A**.

11.     The Policy was in full force and effect at the time of the Crash.

12.     The Policy provides, in pertinent part, as follows:

> We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of BI sustained by a covered person and caused by an auto accident.

13.    At the time of the Crash, Lisa A. Acierno was an insured as defined in the uninsured/underinsured motorist bodily injury coverage section in the Policy.

14.    The Mazda is an uninsured/underinsured motor vehicle as defined in the uninsured/underinsured motorist bodily injury coverage section in the Policy.

15.    USAA was notified of Lisa Acierno's loss and Plaintiffs have complied with all the terms and conditions precedent to entitlement to uninsured/underinsured motorist benefits under the Policy.

16.    USAA has unjustifiably refused to honor its contractual obligations under the Policy and failing to pay the uninsured/underinsured motorist benefits owed to Plaintiffs.

17.    As a direct, foreseeable, and proximate result of the Crash, Plaintiff, Lisa A. Acierno, suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of earnings. The losses are either permanent or continuing and Lisa Acierno will suffer these losses in the future.

18.    Due to USAA's refusal to pay uninsured/underinsured motorist benefits in accordance with the terms of the Policy and Florida law, Plaintiffs retained the services of the undersigned attorneys and contracted with them to represent their interests in accordance with the policy and this lawsuit, including the determination of coverage, liability, and damages under the Policy. By operation of law, including Florida Statutes §§ 627.428, 624.155, and 627.727(10), USAA will be obligated to pay those fees upon successful conclusion of Plaintiffs' claim.

WHEREFORE, Plaintiffs request this Court enter judgment against USAA for the full amount of the uninsured/underinsured motorist benefits, including pre- and post-judgment

interest, attorneys' fees pursuant to Florida Statutes §§ 627.428, 624.155 and 627.727(10), costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## COUNT II

## LOSS OF CONSORTIUM

19.     Plaintiff, Christopher M. Acierno, realleges the allegations in Paragraphs 1 through 18 as if set forth fully herein, and sues USAA.

20.     At the time of the Crash, Christopher M. Acierno was an insured as defined in the uninsured/underinsured motorist bodily injury coverage section in the Policy.

21.     As a direct and proximate result of the Crash, Plaintiff, Christopher M. Acierno, has been deprived and will continue to be deprived of the society, companionship, consortium, assistance, and services from his spouse, Plaintiff, Lisa A. Acierno.

WHEREFORE, Plaintiffs demand judgment against USAA for all lawful damages, plus appropriate interest, costs, attorney's fees, and such other relief as the Court deems just and proper.

## COUNT III (ABATED)

## INSURANCE BAD FAITH AND UNFAIR CLAIMS SETTLEMENT PRACTICES

22.     Plaintiffs incorporate paragraphs 1 through 21 as if fully set forth herein.

23.     This claim will ripen upon the determination by the Court or by confession of judgment by USAA that Plaintiffs are entitled to their full uninsured/underinsured motorist benefits under the Policy.

24.     On February 15, 2018, Plaintiffs filed a Civil Remedy Notice of Insurer Violation with the Florida Department of Insurance and served a copy of the Civil Remedy Notice of Insurer Violation ("CRN") upon USAA. A copy of the CRN is attached hereto as **Exhibit B**.

25.     USAA responded to the CRN but did not pay or correct the circumstances giving rise to the violation.

26.     As a result of the injuries caused by the negligence of Ms. Ottervanger, an uninsured/underinsured motorist, and the relationship between Plaintiffs and USAA under the Policy, USAA owed a duty to Plaintiffs to attempt in good faith to settle Plaintiffs' uninsured/underinsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiffs' interests. USAA further owed a duty to refrain from engaging in unfair claim settlement practices.

27.     USAA breached its duties to Plaintiffs, in violation of Florida Statute § 624.155, by:

   a. Failing to attempt, in good faith, to settle Plaintiffs' uninsured motorist claim when, under all the circumstances, it could have and should have done so, had it acted fairly and honestly with due regard for Plaintiffs' interests, who was an insured, in violation of Florida Statute § 624.155(1)(b)(1).

28.     USAA failed to cure its bad faith and more than sixty (60) days has passed since filing and service of the CRN.

29.     As a direct, foreseeable, and proximate result of USAA's bad faith and unfair claims practices, Plaintiffs have been damaged and are entitled to recovery of their total amount of damages from USAA, including costs, expert witness fees, pre-judgment interest accrued

since the date of USAA's violations, attorneys' fees incurred by Plaintiffs, and post-judgment interest.

30.      Plaintiffs agree to voluntarily abate Count II until all conditions precedent to Plaintiffs' right to bring this action have occurred or been satisfied. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So.3d 1214, 1229 (Fla. 2016).

31.      Plaintiffs had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and obtain the payment of Plaintiffs' total amount of damages caused by USAA's bad faith and unfair claims practices. By operation of law, including Florida Statutes §§ 627.428, 624.155 and 627.727(10), USAA will be obligated to pay those fees upon the successful conclusion of Plaintiffs' claim.

WHEREFORE, Plaintiffs request this Honorable Court enter judgment against USAA for the full amount of the uninsured/underinsured motorist benefits, including pre- and post-judgment interest, attorneys' fees pursuant to Florida Statutes §§ 627.428, 624.155 and 627.727(10), costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

Dated this 12th day of July, 2018.

Respectfully submitted,


*/s/ Heather N. Barnes*_____
C. Steven Yerrid, Esq., FBN 207594
Heather N. Barnes, Esq. 085522
THE YERRID LAW FIRM
101 East Kennedy Blvd., Suite 3910
Tampa, FL  33602
Telephone: (813) 222-8222
Facsimile:  (813) 222-8224
hbarnes@yerridlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following: Kristen M. Van der Linde, Esquire (efiling@boydjen.com, kvanderlinde@boydjen.com and hpeterson@boydjen.com) and Andrew P. Collins, II, Esquire (efiling@boydjen.com and dcollins@boydjen.com), Boyd & Jenerette, P.A., 201 North Hogan Street, Suite 400, Jacksonville, FL 32202 and John R. Owens, Jr., Esquire (service-jowens@bankerlopez.com and jowens@bankerlopez.com) and Jeffrey M. James, Esquire (service-jjames@bankerlopez.com, jjames@bankerlopez.com and lcostello@bankerlopez.com), Banker Lopez Gassler, P.A., 501 E. Kennedy Boulevard, Suite 1700, Tampa, FL 33602, on this 12th day of July, 2018.

*/s/ Heather N. Barnes*
Heather N. Barnes, Esq.